MICHAEL C. HETEY, ESQ.
Nevada Bar No. 5668
THORNDAL ARMSTRONG, PC
600 S. Las Vegas Boulevard, Suite 400
Las Vegas, Nevada 89101
Tel.: (702) 366-0622
Fax: (702) 366-0327
mch@thorndal.com

Attorneys for Defendant,
ECOLAB INC.

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| GABRIEL RAMIREZ-LANDEROS, an individual; ALMA ROSA RAMIREZ, an individual;<br><br>Plaintiffs,<br><br>vs.<br><br>ECOLAB INC. a Foreign Corporation, ECOLAB CORPORATE FLEETS, a Nevada entity; RICARDO CISNERO BELMUDEZ, AN INDIVIDUAL; DOES I through XX, and ROE Corporations I through XX, inclusive<br><br>Defendants. | CASE NO. 2:25-cv-01311-CDS-BNW<br><br>**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |

Defendant Ecolab Inc. (hereinafter, "Ecolab") may disclose certain Confidential Information to the parties in this action pursuant to discovery. Plaintiffs Gabriel Ramirez-Landeros and Alma Rosa Ramirez, and Ecolab agree to enter into this Stipulated Confidentiality Agreement and Protective Order for the purpose of facilitating and expediting the discovery process and to prevent the court from having to conduct separate hearings on the information sought to be protected. In order to protect its proprietary interests and trade secret information, Ecolab wishes to ensure that any such Confidential Information shall not be used for any purpose other than this action and shall not be made public or disseminated by any party or their counsel, except as set forth in this Stipulated Confidentiality Agreement and Protective Order (hereinafter "Stipulated Protective Order" or "Order").

Ecolab represents that all documents, testimony, and/or other items to be produced pursuant

-1-

to this Stipulated Confidentiality Agreement and Protective Order contain trade secret, proprietary and/or Confidential Information. The disclosure of Confidential Information would necessarily result in serious harm Ecolab. Accordingly, the parties stipulate to the following:

1. Documents or information to be produced or provided in this litigation that contain confidential, commercially sensitive, private personal information and/or proprietary information may be designated as confidential by marking or placing the applicable notice "CONFIDENTIAL – Subject to Protective Order, 2:25-cv-0311" or substantially similar language on media containing the documents, on the document itself, or on a copy of the document, in such a way that it does not obscure the text or other content of the document.

2. As used in this Order, the terms "documents" or "information" mean all written material, electronic data, videotapes and all other tangible items, produced in whatever format (e.g., hard copy, electronic, digital, etc.) and on whatever media (e.g., hard copy, videotape, computer diskette, CD-ROM, DVD, by secure electronic transmission, hard drive or otherwise).

3. Documents or information designated as "Subject to Protective Order," or "Confidential" or substantially similar language in accordance with the provisions of this Order ("Protected Documents" or "Protected Information") shall only be used, shown or disclosed as provided in this Order. However, nothing in this Order shall limit a party's use or disclosure of his or her own information designated as a Protected Document or Protected Information.

4. If a receiving party disagrees with the "Protected" designation of any document or information, the party will notify the producing party in writing and identify the challenged document(s) with specificity, including Bates-number(s), and the specific grounds for the objection to the designation. If any party contends, in writing, that any document, material, ESI, or other thing has been erroneously designated as Confidential Information, the party who designated the information as Confidential Information shall initiate a meet and confer within ten (10) days of receipt of a written notice challenging the designations and the parties shall make a good faith effort to resolve issues relating to such designations. The receiving party shall make a good faith effort to resolve the dispute with the producing party and shall provide the producing party the opportunity to revise its designation(s) before raising the issue with the Court. If the

parties are unable to resolve the issue of confidentiality regarding the challenged document(s), the receiving party will, within 30 days of providing the written notice of the challenged document(s), apply to the Court to set a hearing for the purpose of challenging the confidential designation of the document(s). Protected Documents will continue to be treated as such pending determination by the Court as to the confidential status. The burden of showing and proving that any Protected Documents contain confidential information is on the party making the claim of confidentiality.

5. Protected Documents and any copies thereof shall be maintained confidential by the receiving party and any persons authorized to receive the documents pursuant to paragraph 6 and shall not be used or disclosed by the parties, counsel for the parties, experts, or any other person identified below in paragraph 6 for any purpose whatsoever, other than preparing for and conducting the litigation in which the documents were disclosed.

6. Protected Documents shall be disclosed only to "Qualified Persons." Qualified Persons are limited to:

    a. Counsel of Record for the parties in this litigation, and the parties in this litigation;

    b. Paralegals and staff employed by Counsel of Record and involved in the preparation and trial of this action;

    c. A vendor hired by a party to host data and maintain a database of electronic data or perform other work related to the collection, review or production of documents in the case;

    d. Experts and non-attorney consultants retained by the parties for the preparation and/or trial of this case, provided that no disclosure shall be made to any expert or consultant who is employed by a competitor of Ecolab or any producing party;

    e. The Court, the Court's staff, court reporters, witnesses, and the jury in this case; and

    f. Deponents in their deposition.

7. The receiving party must make reasonable efforts to ensure the individuals described in paragraphs 6(b), 6(c), and 6(d) above are Qualified Persons, and that the Qualified Persons understand the requirements of this Protective Order. Before receiving access to any Protected Document or the information contained therein, each person described in paragraphs 6(c) and 6(d) shall execute a "Written Acknowledgement" in the form contained in **Exhibit A**, attached hereto.

8. The receiving party shall retain each such executed Written Acknowledgement and shall keep a list identifying (a) all persons described in paragraphs 6(b), 6(c), and 6(d), above to whom Protected Documents have been disclosed, and (b) all Protected Documents disclosed to such persons. Upon request, copies of all Written Acknowledgements executed pursuant to this Order shall be disclosed to the party who produced or supplied Protected Documents on good cause shown.

9. As the Protected Documents may only be distributed to Qualified Persons, Qualified Persons may not post Protected Documents on any website or internet accessible document repository, excepting a confidential vendor hosted review platform or secure website for the sole purpose of reviewing the information for the subject case and not for any other purpose, and shall not under any circumstance sell, offer for sale, advertise, or publicize either the Protected Documents or the information contained within the producing party's Protected Documents.

10. To the extent that Protected Documents or information obtained therefrom are used in the taking of depositions (including exhibits) or other pretrial testimony and/or used as exhibits at trial, such documents, information, or testimony shall remain subject to the provisions of this Order. This Order includes deposition testimony dealing with the substance of Protected Documents, and Counsel may make a designation if she or he determines that Protected Documents are being used or have been used in the taking of a deposition. Counsel may make such a designation by stating orally on the record the day the testimony is given that the information is or is expected to be confidential, or by serving written notice on Counsel of Record within thirty days after receipt of the transcript. Before such thirty day period expires, all

testimony, exhibits, and transcripts of depositions or other testimony shall be treated as Protected Documents. The entire transcript will be deemed designated unless and until specific pages are identified.

11. In the event a party seeks to file any material that is subject to protection under this Order with the Court, that party shall take appropriate action to ensure that the documents receive proper protection from public disclosure including: (1) filing a redacted document with the consent of the party who designated the document as confidential; or (2) seeking permission to file the document under seal pursuant to the Court's local procedures for filing protected information. This duty exists irrespective of the duty to consult on the underlying motion.

12. With respect to Protected Documents, within forty-five (45) days after the conclusion of this case, counsel for the parties who received Protected Documents, including any documents that the receiving party disclosed to any person described in paragraph 6(c) or (d) above, shall return the Protected Documents to the producing party. In lieu of return, the receiving party must obtain the permission of the producing party to securely destroy the Protected Documents. In the event the producing party gives such permission, the receiving party must certify the destruction of the Protected Documents to the producing party within forty-five (45) days after the conclusion of this case.

13. Inadvertent or unintentional production of documents or information containing confidential information that should have been designated as Protected Document(s) shall not be deemed a waiver in whole or in part of the party's claims of confidentiality. All counsel shall take reasonable steps to avoid inadvertent or unintentional disclosure of Protected Documents.

14. The failure to designate a document that would be subject to protection under this Order with a confidentiality designation does not constitute a waiver and may be remedied by prompt written notice upon discovery of the failure.

15. This Protective Order may not be waived, modified, abandoned or terminated, in whole or part, except by an instrument in writing signed by the parties or Order of the Court. If any provision of this Protective Order shall be held invalid for any reason whatsoever, the remaining provisions shall not be affected thereby.

16. After termination of this litigation, the provisions of this Order shall continue to be binding. This Court retains and shall have jurisdiction over the parties and recipients of the Protected Documents for enforcement of the provisions of this Order following termination of this litigation.

17. This Protective Order shall be binding upon the parties hereto, upon their attorneys, and upon the parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

18. The parties to this Protective Order agree that they will abide by the terms of Protective Order even if not entered by the Court or in the event the case is remanded.

*(Remainder of this page intentionally left blank)*

**CONSENTED TO AND AGREED:**

| | |
|---|---|
| Dated this 12th day of November 2025. | Dated this 12th day of November 2025. |
| GINA CORENA & ASSOCIATES | THORNDAL ARMSTRONG, PC |
| /s/ Julia Armendariz<br>JULIA ARMENDARIZ<br>Nevada Bar No. 15865<br>300 South 4th Street, Suite 1400<br>Las Vegas, Nevada 89101 | /s/ Michael C. Hetey<br>MICHAEL C. HETEY, ESQ.<br>Nevada Bar No. 5668<br>600 S. Las Vegas Blvd., Suite 400<br>Las Vegas, Nevada 89101 |
| Counsel for Plaintiffs Gabriel Ramirez-Landeros and Alma Rosa Ramirez | DOUGLAS L. PFEIFER, ESQ.<br>(admitted *pro hac vice*)<br>BRIANNA H. COLE, ESQ.<br>(admitted *pro hac vice*)<br>Husch Blackwell LLP<br>80 S. 8th St., Suite 4800<br>Minneapolis, Minnesota 55402<br><br>Attorneys for Defendant Ecolab Inc. |

## ORDER

It is so ORDERED that the above stipulated confidentiality agreement and protective order is GRANTED. Additionally, all motions to seal must comply with Local Rule IA 10-5, *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), and *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016).

DATED: November 13, 2025

UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

**PROPOSED DECLARATION RE: STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

# EXHIBIT A

<pre>
MICHAEL C. HETEY, ESQ.
Nevada Bar No. 5668
THORNDAL ARMSTRONG, PC
1100 East Bridger Avenue
Las Vegas, NV 89101-5315
Tel.: (702) 366-0622
Fax: (702) 366-0327
mch@thorndal.com
</pre>

Attorneys for Defendant ECOLAB INC.

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| GABRIEL RAMIREZ-LANDEROS, an individual; ALMA ROSA RAMIREZ, an individual,<br><br>    Plaintiffs,<br><br>vs.<br><br>ECOLAB INC. a Foreign Corporation, ECOLAB CORPORATE FLEETS, a Nevada entity; RICARDO CISNERO BELMUDEZ, AN INDIVIDUAL; DOES I through XX, and ROE Corporations I through XX, inclusive,<br><br>    Defendants. | CASE NO. 2:25-cv-0311-CDS-BNW<br><br>**DECLARATION OF [INSERT NAME OF DECLARANT] RE STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |

STATE OF _____ )
                                ) ss.
COUNTY OF _____ )

I, __(insert name of recipient of the documents)_____, declare under penalty of perjury under the laws of the State of Nevada that the following is true and correct:

1. My full name and business address are:

_____.

2. I have read and fully understand the attached Stipulated Confidentiality Agreement and Protective Order.

3. I am fully familiar with and agree to comply with and be bound by the provisions of said Stipulated Confidentiality Agreement and Protective Order, and submit to the jurisdiction

of the court in which this matter is pending for any proceedings with respect to said Stipulated Confidentiality Agreement and Protective Order.

4. I will not discuss or divulge to persons, other than those specifically authorized by this Stipulated Confidentiality Agreement and Protective Order, and will not copy or use, except solely for the purposes of this action and for no other purposes, any documents, materials or information obtained pursuant to said Stipulated Confidentiality Agreement and Protective Order.

EXECUTED this _____ day of _____, 20_____.

_____
Signature of Declarant