UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Gabriel Ramirez-Landeros and Alma Rosa Ramirez,

               Plaintiffs

v.

Ecolab Inc., et al.,

               Defendants

Case No. 2:25-cv-01311-CDS-MDC

**Order Granting Plaintiffs' Motion to Amend Their Complaint and Denying Plaintiffs' Motion to Remand.**

[ECF Nos. 6, 8]

       This negligence action arises from an auto accident in Clark County, Nevada. Plaintiffs Gabriel Ramirez-Landeros and Alma Rosa Ramirez brought negligence claims in Nevada state court against Ecolab Inc., Ecolab Corporate Fleets, and Ricardo Cisnero Belmudez. Compl., Ex. A, ECF No. 1 at 5–15. Ecolab petitioned for removal based on diversity jurisdiction. *See* Pet., ECF No. 1. The plaintiffs now move to amend their complaint to change the domicile of Belmudez from California to Nevada. Mot. am. compl., ECF No. 6. They also move to remand the case back to state court because there is not complete diversity between the parties. Mot. remand, ECF No. 8. For the reasons stated herein, I deny the plaintiffs' motion to amend and their motion to remand.

**I.   Background**

       The auto accident at issue here occurred in July 2023. ECF No. 1 at 7.[1] The plaintiffs initiated this action in Nevada state court in June 2025. *See* ECF No. 1 at 14. Based on the original complaint, the plaintiffs' domiciles are Nevada; the respective domiciles of defendants Belmudez, Ecolab Inc., and Ecolab Corporate Fleet are California, Delaware, and Nevada. *Id.* at ¶¶ 3–4. And it alleged damages exceeding $75,000. *See id.* at 9, ¶ 25.

---

[1] Unless otherwise noted, the court only cites to the plaintiffs' original complaint (ECF No. 1) to provide context to this action, not to indicate a finding of fact.

Thereafter, Ecolab removed to the case to federal district court based on diversity jurisdiction. ECF No. 1. The petition stated that Belmudez is a California resident who has not been served, Ecolab Inc. is a Delaware corporation with its principal place of business in Minnesota, and Ecolab Corporate Fleets is an internal Ecolab group and not a separate entity. In support of removal, Ecolab submitted declarations from private investigator Richard J. Haayen and from Ecolab district sales manager Andrew Powell. Decls. ECF Nos. 11-1, 11-2. The declaration from Haayen reveals that he investigated Belmudez's domicile in August 2025 and found that Belmudez has a valid and current California driver's license, California pest control license, and California residence. ECF No. 11-1 at 1–2. He found that Belmudez applied for the California license in December 2024—i.e., over a year after the accident had taken place, and roughly six months before the plaintiffs filed suit.

Now, the plaintiffs move to amend their complaint to change defendant Belmudez's domicile to Nevada. ECF No. 6 at 2. They argue that the body worn camera from Belmudez's arrest shows that he actually is a resident of Nevada rather than California. *See id.*; BWC video, Ex. A, ECF No. 7-1. They also move to remand the case because the parties are not completely diverse. ECF No. 8.

## II.    Legal standard

### A.    Standard for granting leave to amend the complaint.

Under Rule 15(a), courts should "freely" grant leave to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a). "Several factors govern the propriety of a motion to amend: (1) undue delay, (2) bad faith, (3) prejudice to the opponent, and (4) futility of amendment." *Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 766 (9th Cir. 1986) (citation omitted). "Leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal." *Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1059 (9th Cir. 2018). A "proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would

constitute a valid and sufficient claim or defense." *Sweaney v. Ada Cnty.*, 119 F.3d 1385, 1393 (9th Cir. 1997) (quoting *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988)).

B. **Standard for remanding a case due to a lack of complete diversity.**

There is a "strong presumption against removal." *Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010). To overcome this presumption, a defendant seeking removal must show that removal is proper by a preponderance of the evidence. *Id.* at 1106–07. Removal based on diversity jurisdiction is proper when there is (1) complete diversity between the parties at the time of removal, and (2) an amount in controversy exceeding $75,000. *See* 28 U.S.C. §§ 1332, 1441, 1446. Parties are completely diverse when no plaintiff shares a domicile with any defendant in the case. *Grancare, LLC v. Thrower*, 889 F.3d 543, 548 (9th Cir. 2018). But in "determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." *Id.* (citing *Chesapeake & O. R. Co. v. Cockrell*, 232 U.S. 146, 152 (1914)). And even if there is complete diversity, removal is barred if any defendant who has "been properly joined and served" declines to "join in or consent to the removal." 28 U.S.C. § 1446(b)(2)(A).

III. Discussion

A person is "domiciled" where "he or she has established a 'fixed habitation or abode in a particular place'" with the intent to "remain there permanently or indefinitely." *Lew v. Moss*, 797 F.2d 747, 749–50 (9th Cir. 1986) (citation modified). As such, a "change in domicile requires the confluence of (a) physical presence at the new location with (b) an intention to remain there indefinitely." *Id.* at 750. For purposes of diversity jurisdiction, the parties' domiciles must be completely diverse "at the time [the] lawsuit was instituted." *Id.* at 749. If the action is removed based on diversity jurisdiction, then there must also be complete diversity at the time of removal; otherwise, the federal district court must "remand the action to state court." *Miller v. Grgurich*, 763 F.2d 372, 373 (9th Cir. 1985).

1    Here, Belmudez's consent to removal is not necessary because he has not been properly served. *See* ECF No. 12 at 3. But his domicile is still accounted for in determining whether diversity jurisdiction exists because neither party has shown that Belmudez is a nominal defendant. *See Hewitt v. City of Stanton*, 798 F.2d 1230, 1232–33 (9th Cir. 1986). The parties dispute Belmudez's domicile and, in turn, the presence of complete diversity.

Ecolab argues that there is complete diversity because Belmudez's domicile was California when the plaintiffs initiated the suit. *See* Def.'s decls. ECF Nos. 11-1, 11-2. To support this argument, Ecolab points to Belmudez's California driver's license and a California Structural Pest Control Board License, as well as declarations from private investigator Richard J. Haayen and Andrew Powell.

The plaintiffs argue that removal is improper because there is not complete diversity between the parties. To support their argument, they point to body worn camera footage of Belmudez arguably showing that his domicile is Nevada. That body cam footage depicts the following conversation after Belmudez showed the officer his California license:

**Officer:** "Do you live in Vegas? Or do you live in California?"

**Belmudez:** "I live in Vegas. I moved here, like, July last year."

**Officer:** "July of last year? Why haven't you updated your license?"

**Belmudez:** "I went over there, to the DMV. . . . I told the lady, 'I don't know if I'm going to be here for awhile or not.' And she said, 'Just keep your California driver's license until you figure out if you want to stay for a while or if you want to stay or leave.' So, I kept my driver's license—my California driver's license."

ECF No. 7-1 at 12:16–12:41. Then, Belmudez indicated his intent to move back to California:

**Belmudez:** "I'm from San Diego. . . I moved here a year ago. And I'm moving back to San Diego a week ago from today. I'm moving back to the Navy."

*Id.* at 31:30–31:38. This statement only suggests that Belmudez intended to change his domicile. Though intent alone does not establish domicile, I find that the private investigator's discoveries as to Belmudez's residence—particularly, Belmudez's current California licenses and address—

4

makes up the rest. That is, applying the objective facts cited by Ecolab, they have shown beyond a preponderance of the evidence that Belmudez is domiciled in California. *See Lew*, 797 F.2d at 750 (A defendant may satisfy its burden to show diversity of citizenship using a declaration, but the claim for domicile should be "evaluated in terms of objective facts" and "statements of intent are entitled to little weight when in conflict with facts. Belmudez's domicile is more likely to be California than Nevada. *See Adams v. W. Marine Prods., Inc.*, 958 F.3d 1216, 1221 (9th Cir. 2020) ("At minimum, a person's residence constitutes some evidence of domicile.").

Because the plaintiffs are residents of Nevada while the defendants are residents of Delaware, Minnesota, and California, there is complete diversity between them. Therefore, complete diversity exists, and Ecolab properly removed this case based on diversity jurisdiction.

### IV.     Conclusion

IT IS HEREBY ORDERED that the plaintiff's motion to amend the petition for removal **[ECF No. 6] is DENIED.**

IT IS FURTHER ORDERED that the plaintiff's motion to remand **[ECF No. 8] is DENIED.**

Dated: November 14, 2025

_____
Cristina D. Silva
United States District Judge

5